UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Chester C. Graham,<br><br>      Plaintiff,<br><br>v.<br><br>Grand Celebration Cruises, L.L.C., a<br>Florida limited liability company,<br><br>      Defendant. | Civ. No. 18-933 (NEB/BRT)<br><br>**REPORT AND RECOMMENDATION<br>TO DISMISS FOR LACK OF<br>PROSECUTION** |

Chester C. Graham, 408 Spring Street North, Apt. #210, Northfield, MN 55057, *pro se* Plaintiff.

BECKY R. THORSON, United States Magistrate Judge.

      This matter is before this Court for a Report and Recommendation on whether this case should be dismissed for lack of prosecution. *See* 28 U.S.C. § 636(b)(1) and D. Minn. LR 72.1. For the reasons stated below, this Court recommends that Plaintiffs' Complaint be dismissed without prejudice for lack of prosecution.

## BACKGROUND

      On April 4, 2018, Plaintiff filed a Complaint against Grand Celebration Cruises, L.L.C. (Doc. No. 1.) A Summons was issued as to Defendant on August 28, 2018, and again on October 15, 2018. (Doc. Nos. 6, 9.) After several attempts on service, the Summons was returned executed on February 1, 2019. (Doc. Nos. 10, 11.) Nothing happened in this case between February 1 and 27, 2019. On February 27, 2019, this Court issued an Order directing Plaintiff to:

      1. Notify Defendant immediately that it is required to make an appearance or move for an extension of time to do so;

      2. File an application for entry of default against Defendant unless the required pleading is filed within 10 days;

      3. Advise the Court in writing of any good cause to the contrary.

(Doc. No. 13.) This Court also stated that "[u]nless Plaintiff complies with this Order within 20 days of this date, the Defendant will be dismissed for lack of prosecution." (*Id.*)

On March 12, 2019, thirteen days after this Court's Order, Plaintiff filed letters in this case (dated March 4, 2019), which seemed to indicate that he notified Defendant pursuant to the Court's Order. (*See* Doc. Nos. 14, 15.) However, as of the date of this Report and Recommendation, Defendant has not filed an appearance in this case and Plaintiff has not filed an application for entry of default within twenty days as was instructed in the Court's February 27, 2019 Order.

## DISCUSSION

The facts and circumstances of each case should be evaluated to determine if dismissal for failure to prosecute is warranted. *Navarro v. Chief of Police, Des Moines, Iowa*, 523 F.2d 214, 217 (8th Cir. 1975). This Court concludes that, based on the sequence of events in this case and Plaintiff's lack of compliance with this Court's February 27, 2019 Order, Plaintiff's case should be dismissed for failure to prosecute.

Federal Rule of Civil Procedure 41(b) states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack

of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). "A district court may sua sponte dismiss an action under Rule 41(b) for the plaintiff's deliberate failure to comply with a court order." *Holly v. Anderson*, 467 F.3d 1120, 1121 (8th Cir. 2006). Here, Plaintiff has failed to comply with the Court's February 27, 2019 Order. The Order apprised Plaintiff that failure to comply might result in dismissal of his case. Based on Plaintiff's failure to comply with the Court's Order, this Court recommends that this action be dismissed for failure to prosecute.

## RECOMMENDATION

For the reasons stated, and based on the file, records, and submissions therein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's Complaint (Doc. No. 1) be **DISMISSED WITHOUT PREJUDICE** and judgment be entered accordingly.

Date: April 18, 2019

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within **14 days** after being served a copy" of the Report and Recommendation. A party may respond to those objections within **14 days** after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).